The Honorable Louis McJunkin State Representative P.O. Box 223 Springdale, Arkansas 72765-0223
Dear Representative McJunkin:
This official Attorney General opinion is issued in response to your recent questions regarding the boards of trustees of firemen's pension and relief funds.
You describe a scenario in which a city's Fire Chief retired and the mayor appointed one of two Assistant Fire Chiefs to serve as the Acting Fire Chief until a permanent Fire Chief is chosen by the Civil Service Commission. The Assistant Fire Chief who was appointed has less seniority than the other Assistant Fire Chief.
In light of the above-described scenario, you have presented the following questions:
 (1) Under the provisions of A.C.A. § 24-11-801, should the Assistant Fire Chief who has less seniority but who is serving as Acting Fire Chief serve on the pension fund's board of trustees in the place of the permanent Fire Chief, or should the Assistant Fire Chief who has more seniority serve on the board in the place of the permanent Fire Chief?
 (2) What is the definition of "the highest ranking member of the fire department," as that phrase is used in A.C.A. § 24-11-801(a)(3)? (For example, in the scenario described above, if the city hires a permanent fire chief who is not a member of the pension fund and therefore is not on the board, would the highest ranking member of the fire department be the Assistant Chief who has the most seniority, or would it be the Assistant Chief who previously served as Acting Fire Chief but who is now back in the rank of Assistant Fire Chief?)
 (3) For purposes of voting as active members or retired members pursuant to A.C.A. § 24-11-801(c) and (d), should employees who have elected to be on the Deferred Retirement Option Plan (DROP) vote as active members or as retired members during the five year period between their election of DROP and their actual retirement?
RESPONSE
Question 1 — Under the provisions of A.C.A. § 24-11-801, should theAssistant Fire Chief who has less seniority but who is serving as ActingFire Chief serve on the pension fund's board of trustees in the place ofthe permanent Fire Chief, or should the Assistant Fire Chief who has moreseniority serve on the board in the place of the permanent Fire Chief?
It is my opinion that the Assistant Fire Chief who is serving as Acting Fire Chief should serve on the pension fund's board of trustees in place of the permanent Fire Chief, during his tenure as Acting Fire Chief.
The provisions of A.C.A. § 24-11-801 state the following with regard to who should serve on the board:
 (a) The board of trustees of every firemen's pension and relief fund established in a city, incorporated town, or duly qualified fire protection district pursuant to the provisions of this subchapter shall be composed of the following:
(1) The chief executive, who shall serve as chairman of the board;
 (2) The city or district clerk or recorder, who shall serve as secretary of the board;
 (3) The fire chief, or, if the fire chief is not a member of the fund, the highest ranking member of the fire department who is a member and who is willing to serve; and
(4) Four (4) active or retired members of the pension fund.
A.C.A. § 24-11-801(a) (emphasis added).
The statutes governing firemen's pension funds do not provide any guidance in addressing the scenario that you have described. Nevertheless, the language of the above-quoted statute regarding the composition of the board is unambiguous. It is therefore appropriate to give that language its plain, commonly-understood meaning. Caplener v.Bluebonnet Milling Co., 322 Ark. 751, 911 S.W.2d 586 (1995). It is therefore plain that if there is a fire chief, that fire chief is to serve on the board. Resort to the highest ranking member of the fire department for service on the board is appropriate only in the event that the fire chief is not a member of the fund.
Assuming that the Acting Fire Chief was appointed for the purpose of carrying out the duties of the Fire Chief, and assuming that the appointment did not expressly limit the Acting Fire Chief's authority to do so,[1] it is clear that during the Acting Fire Chief's tenure in that position, he is the Fire Chief for all intents and purposes, including service on the pension fund's board of trustees under A.C.A. §24-11-801(a)(3). Therefore, a consideration of who is the highest ranking member of the fire department is unnecessary. Such a consideration is appropriate only where the Fire Chief is not a member of the fund. In the situation you have described, the Fire Chief (who happens to be the Acting Fire Chief) is a member of the fund. It is therefore unnecessary to determine the qualifications of an alternate member, as provided for in A.C.A. § 24-11-801(a)(3).[2]
For these reasons, I must conclude that given the commonly-understood meaning of the language of A.C.A. § 24-11-801(a), the Acting Fire Chief should serve on the board during his tenure as Acting Fire Chief.
Question 2 — What is the definition of "the highest ranking member of thefire department," as that phrase is used in A.C.A. § 24-11-801(a)(3)?(For example, in the scenario described above, if the city hires apermanent fire chief who is not a member of the pension fund and thereforeis not on the board, would the highest ranking member of the firedepartment be the Assistant Chief who has the most seniority, or would itbe the Assistant Chief who previously served as Acting Fire Chief but whois now back in the rank of Assistant Fire Chief?)
The statute (A.C.A. § 24-11-801) does not define the phrase "highest ranking member of the fire department," as used therein. However, in my opinion, the language does not contain an ambiguity and can therefore be interpreted giving the words their commonly-understood meanings. Caplenerv. Bluebonnet Milling Co., 322 Ark. 751, 911 S.W.2d 586 (1995). TheMerriam-Webster Dictionary defines the term "rank" to mean "a grade of official standing" or "position in a group." The factors that are commonly understood to connote official standing or position are authority, responsibility, and benefits. Accordingly, I read the phrase "highest ranking member of the fire department" to refer to the person in the fire department whose position carries the greatest authority, responsibility, and benefits.
Applied to the specific situation about which you have inquired, it is my opinion that if the permanent fire chief who is chosen is not a member of the pension fund, the highest ranking member of the fire department, who, pursuant to A.C.A. § 24-11-801(3), should serve on the fund's board of trustees, would be the Assistant Fire Chief who officially has the most authority, responsibility, and is entitled to the greatest benefits. It is my opinion that the previous service by one of the Assistant Fire Chiefs as Acting Fire Chief is not a factor to be considered. The statute makes no mention of considering previous rank or status. Assuming that at the relevant time, the two Assistant Fire Chiefs officially have the same authority and responsibility, I would conclude that the Assistant Fire Chief who has the most seniority would be entitled to the greatest benefits, and therefore would be the highest ranking of the two. Given these assumptions, the Assistant Fire Chief who has the most seniority should, in the absence of a fire chief who is a member of the fund, serve on the fund's board of trustees.
Question 3 — For purposes of voting as active members or retired memberspursuant to A.C.A. § 24-11-801(c) and (d), should employees who haveelected to be on the Deferred Retirement Option Plan (DROP) vote asactive members or as retired members during the five year period betweentheir election of DROP and their actual retirement?
It is my opinion that employees who have elected to participate in DROP, but who are still within the five-year period between their election of DROP and their actual retirement, should vote as retired members pursuant to A.C.A. § 24-11-801(d), rather than as active members pursuant to A.C.A. § 24-11-801(c).
My conclusion regarding this matter is based upon the fact that although these employees continue to be fully employed during the five-year period and have not actually retired in the sense of ceasing work, they nevertheless are not participants in the firemen's pension fund as described in A.C.A. § 24-11-816. That section describes the contributions that are to be made by and on behalf of members of the fund. Employees who have elected to participate in DROP are no longer contributing to the firemen's pension fund as described in A.C.A. § 24-11-816. Rather, the bulk of their contributions are segregated into a separate fund.
For this reason, they do not hold the same level of interest in the administration of the firemen's pension fund as do active members. Their interest is more akin to that of retired members. It follows that they should vote as retired members under A.C.A. § 24-11-801(d), rather than as active members under A.C.A. § 24-11-801(c).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] If the appointment did limit the Acting Fire Chief's authority to carry out the duties of Fire Chief, the impact of that limitation upon the Acting Fire Chief's ability to serve on the board will depend upon the specific nature of the limitation.
[2] It might be noted, however, that during the Acting Fire Chief's tenure in that position, he is also the highest ranking member of the fire department.